## 13050.  SMITH v. THE STATE.

BROYLES, C. J. 1. The charge complained of, as to what would constitute an attempt to manufacture liquor, is not, for any reason assigned, erroneous when considered in the light of the charge as a whole and the facts of the case.

2. If any person attempts to commit a crime, and in such attempt does *any* act toward the commission of such crime, but fails in the perpetration thereof, or is prevented or intercepted from executing the crime, he is guilty of an attempt to commit such offense. Penal Code (1910), § 1066. Under this ruling and the facts of the instant case, the evidence authorized the verdict finding the accused guilty of attempting to manufacture intoxicating liquor.

3. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., dissents.*

DECIDED JANUARY 18, 1922.

Indictment for manufacture of liquor; from Lincoln superior court — Judge Shurley. September 23, 1921.

The charge complained of was as follows: "If you should believe that the defendant made preparations and was in the act of distilling, that the mash and the still and the wood and the other things were there prepared for the purpose of making the liquor, and that he was in the act of putting the preparation into execution, but he was deterred from doing it by the presence of the sheriff and of his own volition, then I charge you that he would be guilty of the offense of attempting to commit the crime as alleged in the indictment, and it would be your duty to find him guilty of the offense of attempting to commit the crime as alleged in the indictment, and it would be your duty to find him guilty; that is, if you should not find him guilty of the crime alleged and charged in the indictment, but should you find him guilty of attempting to commit the crime therein alleged, then the form of your verdict would be: 'We, the jury, find the defendant guilty of an attempt.' If you should have a reasonable doubt of the guilt of the defendant of attempting to commit the crime as charged in the indictment, then it would be your duty to give him the benefit of that doubt

and acquit him, and in that event it would be your duty to return a verdict, generally: 'We, the jury, find the defendant not guilty.'" In the motion for a new trial it is contended that this charge was error because: (1) it instructed the jury that mere acts of preparation, if intercepted, would render the defendant guilty, although he may not have made any attempt toward the commission of the crime itself after the preparation had been made; (2) it expressed an opinion of the evidence and facts proved in the trial; and (3) the words, "If you should believe that the defendant made preparation and was in the act of distilling," were an expression on the part of the court that an act had been committed, and were misleading and did mislead the jury.

The sheriff testified, that he went, with others, about daybreak, to where they found a 50-gallon still which had no fire in it but had been in operation the night or day before and had not gotten cold, and they found around there, in boxes and barrels, about 800 or 1,000 gallons of "marby" which had fermented and "was in shape to be made up into beer;" the mash had malt and sugar in it. Nobody else was there, and they concealed themselves, and in a short time Smith, the defendant, who lived about a quarter of a mile off, came up along a path from where he lived, carrying under one arm a turn of wood, and under the other fruit jars, which he put into a case or cases, and laid the wood down at the still; and, while he was stooping down, the sheriff crept up to within 15 steps of him and told him to halt, and Smith reached back to his hip-pocket for a pistol, and ran off, the sheriff shooting at him. "They use fruit jars around a still to put liquor in." Other witnesses testified to the same effect. The defendant, in his statement at the trial, said that he went to the still because a negro who owed him some money promised to give him some liquor if he would go there, and that he ran off because the sheriff began shooting; that the still was run by another person (whose name he gave), and he (the defendant) had nothing to do with it; that he picked up the wood because it was in his way, and he had just set it down and set the fruit jars down and walked on three or four steps when the sheriff walked up.

*Norman & Norman,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J., dissenting. I think the judgment in this case

should be reversed for lack of evidence to support the verdict. The most that can be said of the evidence against the accused is that it shows acts merely preparatory for the commission of a crime, and not an attempt to commit one.